IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL CASUALTY & SURETY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-0360 |
| | § | |
| KATHERINE PARKER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This case arises from the bail-bond business. The plaintiff, Financial Casualty & Surety, Inc. ("FCS"), sued Katherine Parker and Bella's Bail Bonds ("BBB"), in Harris County, Texas state court, asserting breach of contract and related claims. (Docket Entry No. 1-2). The defendants timely removed on the basis of diversity jurisdiction. (Docket Entry No. 1). On March 6, 2014, FCS moved to strike BBB's entry of appearance because Parker — who is not an attorney — represented herself and BBB *pro se*. (Docket Entry No. 7). FCS withdrew the motion to strike and filed an amended complaint dropping BBB as a defendant. The only defendant is Katherine Parker, who owns and operates a bail-bond business in New Jersey and who contracted with FCS to place bail bonds insured by FCS.

Parker moved under 28 U.S.C. § 1404(a) to transfer venue to the District of New Jersey, where she lives and works and where she asserts nonparty witnesses are located. (Docket Entry No. 20). FCS responded, relying primarily on the forum-selection clause in the parties' contract. The forum-selection clause provided that the parties consent to jurisdiction in one of two locations, including Harris County, Texas, at FCS's "discretion." The court held a discovery hearing on May

27, 2014, at which Parker appeared by telephone and stated that she had no arguments to add in support of her motion to transfer venue. At that hearing, Parker also noted that she had assistance from counsel in filing the motion to transfer and the supporting brief.

Based on the amended complaint, the motion to transfer and response, and the court's review of the relevant law, the court orders the parties to brief a question not yet addressed that affects the analysis and outcome. FCS has until June 20, 2014 to file its brief of no more than 5 pages; Parker has until July 25, 2014 to respond within the same page limit.

The reasons for this order are explained below.

**I.     Background**

In June 2008, FCS and Parker entered into a Sub-Producer Bail Bond Agreement. (Docket Entry No. 22 ¶ 5). FCS alleges that Parker agreed to be fully liable to FCS for all of the bonds that she executed as an FCS independent contractor. (*Id.* ¶¶ 6–7). In return, Parker would receive most of the premiums paid on the bail bonds she issued. (*Id.* ¶ 8). FCS claims that Parker failed to pay amounts due under the Agreement. FCS asserts claims under Texas law for breach of contract, breach of fiduciary duties, and conversion.

The Agreement included the following clause:

> 28.     APPLICABLE LAW, VENUE, AND FORUM. At the discretion of [FCS], the Agreement is to be interpreted in accordance with the laws of the State of Texas, where [FCS] is based, or of [Parker's] home state. The parties hereto do hereby consent and stipulate to the jurisdiction (at the discretion of [FCS]) of the courts in the State of Texas, County of Harris or of [Parker's] home state for any action brought under this agreement.

(Docket Entry No. 23-1 ¶ 28). FCS sued Parker in Harris County state court. Parker removed to the Houston Division of the Southern District of Texas, also located in Harris County. Parker

subsequently moved to transfer venue under 28 U.S.C. § 1404(a) to the District of New Jersey, her "home state."

## II.     Whether *Atlantic Marine* Applies to the Motion to Transfer Venue

The Supreme Court recently heightened the legal standard for deciding a motion to transfer venue under 28 U.S.C. § 1404(a) when the parties have a contract with a valid mandatory forum-selection clause. In *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, – U.S. – , –, 134 S. Ct. 568 (2013), the Supreme Court analyzed a forum-selection clause stating that all disputes between the parties "'shall be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division.'" *Id.* at 575 (quoting *In re Atl. Marine Constr. Co.*, 701 F.3d 736, 737–38 (5th Cir. 2012)). The plaintiff had sued in a different forum than the forum-selection clause required. The defendant moved for an order to enforce the clause by transferring the case to the forum it designated. The Supreme Court held that district courts may not consider private-interest factors when considering a motion to transfer venue from a forum that violates a valid forum-selection clause. In the present case, FCS alleges that it sued Parker in a forum that the forum-selection clause selected and invokes that clause to oppose Parker's motion to transfer.

The parties have not addressed a threshold issue that affects whether *Atlantic Marine* applies to this case. Before enforcing a forum-selection clause, a court first determines whether the clause *permits* litigation in the selected forum or *mandates* litigation there. The Fifth Circuit cautions that it "is important to distinguish between jurisdiction and venue when interpreting such clauses." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). "Although it is not necessary for such a clause to use the word 'venue' or 'forum,' it must do more than establish that

3

one forum will have jurisdiction." *Id.* The courts distinguish between clauses in which the parties consent to personal jurisdiction in a particular forum, and clauses in which the parties require that the action be filed in a particular forum. A clause mandates the specified forum only when its language clearly communicates that all litigation will occur only in that forum. *UNC Lear Servs., Inc. v. Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009) ("Mandatory forum-selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear." (citing *City of New Orleans*, 376 F.3d at 504)).

In *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956 (5th Cir. 1974), the clause at issue read, "This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York." The Fifth Circuit held that the clause waived personal-jurisdiction defenses the parties might have to suit in New York. The clause did not, however, mandate that New York be the exclusive forum to litigate all disputes. *Id.*

The Fifth Circuit recently reaffirmed *Keaty*'s principle that forum-selection clauses must "clearly limit actions . . . to the courts of a specified locale." *Id.* In *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127–28 (5th Cir. 1994), the court held that a clause stating that "[t]he laws and courts of Zurich are applicable" was a permissive forum-selection clause. *Id.*; *see also City of New Orleans*, 376 F.3d at 504–05 (stating that "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another" and concluding that forum-selection clause stating that a party did "hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction" did not mandate suit in that forum).

At least one circuit court has stated that *Atlantic Marine*'s heightened standard applies only to mandatory venue provisions. *See GDG Acquisitions, LLC v. Gov't of Belize*, No. 13-11616, 2014 WL 1599561, at *5, – F.3d –, – (11th Cir. Apr. 22, 2014) (vacating a district court's *forum non conveniens* dismissal in light of *Atlantic Marine* but noting the defendant's argument that *Atlantic Marine* should not apply to permissive clauses and remanding to the district court with an order that it determine whether the forum-selection clause was mandatory and binding). District courts across the country have similarly recognized that the analysis on a motion to transfer based on a forum-selection clause begins with whether the clause is mandatory or permissive. If the forum-selection clause is permissive, the courts have consistently declined to apply *Atlantic Marine*. *See, e.g., U.S. ex rel. MDI Servs., LLC v. Fed. Ins. Co.*, No. 5:13-cv-2355(AKK), 2014 WL 1576975, at *3 (N.D. Ala. Apr. 17, 2014) ("Accordingly, the considerations relevant to altering § 1404(a) analysis [under *Atlantic Marine*] for mandatory forum-selection clauses would not apply in this case if . . . the forum-selection clause is permissive."); *PNC Bank, N.A. v. Akshar Petrol., Inc.,* No. 3:13-cv-436-J-34(PDB), 2014 WL 1230689, at *6 (M.D. Fla. Mar. 25, 2014) (applying *Atlantic Marine* only after deciding that the lawsuit was "governed by valid, mandatory, forum-selection clauses."); *Midamines SPRL Ltd. v. KBC Bank NV*, No. 12-cv-8089 (RJS), 2014 WL 1116875, at *3 (S.D.N.Y. Mar. 18, 2014) (analyzing whether forum-selection clause was mandatory or permissive before applying *Atlantic Marine*); *RELCO Locomotives, Inc. v. AllRail, Inc.*, No. 4:13-cv-00394, 2014 WL 1047153, at *8 (S.D. Iowa Mar. 5, 2014) ("[T]he Court notes that the forum clause at issue in this case . . . is permissive, and not mandatory. . . . Plaintiff . . . merely consented to any suit that Defendant may have chosen to bring in Quebec; Plaintiff did not, however, agree to bring suit *exclusively* in Quebec. Thus, the Court proceeds with traditional *forum non conveniens* analysis,

and not the modified *Atlantic Marine* analysis.").

The parties have not addressed whether the clause at issue consents to personal jurisdiction in Harris County, Texas or in the defendant's home state – whichever one FCS selects – or whether the clause requires suit in whichever of those two venues FCS selects. FCS has until June 20, 2014 to submit a brief of no more than 5 pages addressing whether, under the clause in its contract with Parker, the parties consented to personal jurisdiction in Harris County, Texas or are required to litigate in that forum if FCS selects it. If the former, the clause is permissive and *Atlantic Marine* does not apply. If the latter, the clause is mandatory and *Atlantic Marine* controls. Parker has until July 25, 2014 to respond, within the same page limit.

## III.   Conclusion

The parties are ordered to brief the issue identified. FCS has until June 20, 2014 to submit its brief, and Parker has until July 25, 2014 to respond.

SIGNED on June 4, 2014, at Houston, Texas.

                                            Lee H. Rosenthal
                                            United States District Judge